IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 16-CR-78-GMS |
| | : | |
| DONTE JACOBS | : | |

# DEFENDANT'S MOTION TO REVOKE SEPTEMBER 12, 2017 ORAL ORDER OF DETENTION

Defendant, Donte Jacobs, by and through undersigned counsel, Dina Chavar, Esquire, hereby respectfully moves this Court pursuant to 18 U.S.C. § 3145(b), for revocation of the Order for detention issued by United States Magistrate Judge Christopher J. Burke on September 12, 2017. (Oral order reported on the docket at 9/12/17 entry). Due to a change in circumstances since the September 12, 2017 detention order, Mr. Jacobs respectfully requests release from incarceration pending trial to home confinement, along with any other combination of reasonable conditions pursuant to 18 U.S.C.A. Section 3142. Revocation of the September 12, 2017 Detention Order is appropriate under the circumstances discussed at length below. 18 U.S.C. §3154(b).

I. **Personal History and Procedural Background**

   A. **Personal History**

Donte Jacobs has strong ties to the community. Born on May 29, 1988, Donte was raised in Delaware by his grandparents, who have resided in the same home for 30-years, at 5 Dunning Court in New Castle, Delaware. Donte graduated from William Penn High School, and has been

employed since graduation. Prior to his arrest for this conduct, Donte held two jobs: he assisted in the management and maintenance of rental properties owned by his grandmother, Jerri Brooks; and, he worked at Kirk's Auto Body in Bear, Delaware. Counsel believes that both of these jobs will be available to Donte if he is released.

His grandparents owned and operated 15 rental properties in the Philadelphia area, which Donte helped manage and maintain prior to his arrest. Since the denial of his last motion for release on bail, Donte's grandfather passed away. His grandfather provided substantial assistance to his elderly grandmother in managing and maintaining the rental properties, which is her source of income. His grandmother suffers with a double hip replacement which requires her to walk with a cane along with assistance, and a weak heart that necessitated a stent implant. Now that her husband has passed away and Donte remains incarcerated, his grandmother has nobody to assist her with these burdensome tasks, thus creating a significant hardship for the Jacobs's family.

Another significant change in circumstances since the September 12 Detention Order, is that Donte's parental rights over his three children with a prior paramour, Marquita Rose, are in jeopardy of being terminated. Apparently, Ms. Rose is not fit to parent, and because Donte is incarcerated and cannot represent to the Court his willingness and desire to parent his children, the Commonwealth is looking to terminate his parental rights so that the children can be placed, likely, in foster care. A hearing on the matter was scheduled on December 15, 2017. Undersigned counsel has been told that family members were able to reach the court and have the hearing continued until March, hoping that Donte could attend the next hearing. If released, Donte will have the opportunity and ability to argue to maintain his parental rights, and to secure residence for his children should he be found guilty of this crime.

Donte shares a long time, romantic relationship with Dominique Williams, who lives in Delaware. Since 2003, some 14-years ago, Donte and Dominique have been romantically involved. The couple has two male sons, Gianni (age 13) and Domir (age 9). Both children are enrolled in the Colonial School District in Delaware and are involved in extracurricular activities. In fact, Donte's oldest son has made the basketball team, and is beginning his first season as a team player. Prior to incarceration, Dominique states that Donte was very involved in his childrens' lives and attended all extracurricular activities, as well as provided direction and support in their school studies. If released, Donte will live with Dominique and his children at 49 Cheswold Boulevard in Newark, Delaware.

### B. Procedural History

Donte was arrested by complaint on July 18, 2016 on drug distribution charges. His initial appearance was held that same day, wherein Donte appeared without counsel, before the Honorable Magistrate Judge Christopher J. Burke. The government moved for detention. Three days later, on July 21, 2016, Judge Burke appointed Kenneth C. Edelin, Jr., Esquire as counsel, and a preliminary and detention hearing was set for July 26, 2016. These hearings were subsequently rescheduled for July 29, 2016. Represented by Mr. Edelin on that date, Donte waived his preliminary hearing, and the government's motion for detention was granted after argument.

On September 15, 2016, a federal grand jury for the District of Delaware returned an Indictment charging Donte with drug distribution charges pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); and for the use of a firearm in connection with those drugs charges in pursuant to 18 U.S.C. § 924(c). Donte was arraigned on those charges on September 22, 2016, wherein he entered a plea of not guilty.

On October 13, 2016, a federal grand jury for the District of Delaware returned a

Superseding Indictment alleging that Donte's drug distribution charges, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), resulted in serious bodily injury or death to another; and that a firearm was used in connection with that charge. Donte was arraigned on the Superseding Indictment on October 19, 2016, wherein he entered a plea of not guilty. Under the Superseding Indictment, Donte faces a mandatory minimum of 25-years in prison (20 years on the resulting in death charge, plus the consecutive 5-years for use of a gun in connection with a felony offense charge).

On November 1, 2016, counsel for Donte Jacobs filed a motion to modify conditions of release and to request bail. A hearing on this motion was held on December 7, 2016, which resulted in a denial of the motion for release.

On May 18, 2017, then represented by Thomas Egan, Esquire, a second motion for modification of release conditions was filed on Donte's behalf. On September 12, 2017, by oral order, the second motion for modification of release was denied by Magistrate Judge Burke. The oral order denying release focused primarily on insufficient argument and/or evidence to rebut the presumption that Donte Jacobs presents a danger to the community. As discussed below, there are conditions that can be set which would assure Donte's appearance as well as the safety of the community, and pretrial release should be granted.

II.     **Standard of Review**

Title 18 of United States Code at Section 3145(b), provides that a person who has been ordered detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter. "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Rueben,* 974 F.2d 580, 585-86 (5th Cir. 1992); cf. *United States v.*

*Delker,* 757 F.2d 1390, 1394 (3d. Cir. 1985) (holding that the Bail Reform Act, 18 U.S.C. § 3145(b), et. seq., contemplates *de novo* review by the district court of a magistrate's order for bail pending trial). Under this standard, the district court should not simply defer to the decision of the magistrate. *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir. 1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail").

In conducting *de novo* review of a magistrate judge's pretrial detention order, the court may rely on evidence presented before the magistrate judge. *See United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990)("[T]he district court is not required to start over in every case…"); *United States v. Chagra,* 850 F.Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge). Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in determination. *See Koening,* 912 F.2d at 1193. In the present case, defense counsel submits that an evidentiary hearing is necessary to allow the Court the benefit of hearing in person from defense witnesses who will present evidence material to, and in support of, Donte's position that pretrial release in this case is warranted.

### III. Pretrial Detention Standard

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3145(e) (2006). Thus, the court need only find that the conditions or combination thereof will give "reasonable assurance" of defendant's appearance and of the safety of others and the community. See *United States v. Orta,* 760 F.2d 887, 890-891 (8th Cir. 1985) (*en banc*). Moreover, the wide range of restrictions available ensures as Congress intended, that very

few defendants will be subject to pretrial detention. *Id.* at 891. To justify pretrial detention, the government must establish risk of flight by preponderance of the evidence, and dangerousness to the community by clear and convincing evidence. *See United States v. Himler,* 797 F.2d 156, 160-61 (3d Cir. 1986); 18 U.S.C. § 3142(f); *United States v. Traitz,* 807 F.2d 322, 324 (3d Cir. 1986). This is a heavy burden, *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir. 1985), because as the Supreme Court has noted, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987).

### IV. Pretrial Release is Warranted in this Case

"The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *Salerno* at 747. It was the intent of Congress, in enacting the Bail Reform Act, that "[p]retrial detention is to be the exception rather than the rule," and therefore "[t]he statute favors release over detention for the majority of accused persons." *United States v. Holloway,* 781 F.2d 124, 125 (8th Cir. 1986) (citing S. Rep. No. 225, 98th Cong., 1st Sess., *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182 (hereinafter "Senate Report")).

> The passage of pretrial detention provision of the 1984 Act did not . . . signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." The legislative history stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. . . .*It is anticipated that [pretrial release] will continue to be appropriate for the majority of Federal defendants.*"

2(*Orta* at 890 (citations omitted) (emphasis and brackets in original) (citing Senate Report at 6-7).

Title 18 of the United States Code at Section 3142(e), invokes a rebuttable presumption that the defendant should be detained if the pending charges include a drug offense having a maximum term of 10-years or more. In such cases, it is the defendant's burden to prove by clear and convincing evidence that conditions may be set upon defendant's release which will assure appearance and safety of the community. *United States v. Carbone,* 793 F.2d 559 (3d. Cir. 1986). Defense counsel submits that such presumption is overcome by clear and convincing evidence, and that Donte should be released in accordance with the underlying policy of the Bail Reform Act directing that only those particularly dangerous defendants be detained. Donte is not particularly dangerous, nor is he a flight risk.

In addition to his family ties to the community, Donte is an involved parent and is well-known in his community. At the time of the alleged offenses, he was working two jobs to support his family: maintaining his grandparents' 15 rental properties, as well as working with Kirk's Auto Body in Bear, Delaware. Simply put, Donte has too much at stake to run away from, thus, assuring his appearance.

Donte is not a danger to the community. Undersigned counsel does not want to tip her hand on her client's defense by arguing the details of defense's position in this motion for pretrial release. Suffice it to say, however, that from the defense perspective, the government's evidence is not insurmountable.

The government argues that the guns found in Donte's grandparents' home belongs to Donte, thus making him a danger to the community. However this allegation has yet to be proven. Even further, the allegation that the gun was used in connection with a drug dealing business, also is yet to be proven. The guns were found in a home were numerous people had access. Thus far, there is no forensic evidence connecting the gun found in Donte's grandparents' home to Donte.

Moreover, in the home where Donte primarily lived, with Dominique and his two children, neither guns nor drugs were discovered.

The government has charged that the death of an individual has occurred as a result of Donte's drug dealing business. Yet, both the allegation that Donte was dealing drugs and that the alleged drug he dealt killed somebody, has not yet been proven. This allegation provides the government with their primary argument that Donte is a danger to the community. This argument fails, because it requires a huge leap in logic to reach its conclusion. Thus far, the evidence produced does not conclusively link Donte to drug-related activities which resulted in the death of another.

There are conditions of release that this Court can set which would reasonably assure the Donte's appearance as well as the safety of the community. These conditions include:

(1) House arrest with GPS monitoring;

(2) The surrender of any passport to U.S. Pretrial Services and prohibition from obtaining a new passport;

(3) No contact with any potential witness in the case;

(4) Maintain employment

(5) Frequent reporting to pretrial services;

(6) And, a bond secured by property which his grandmother will post in an amount in excess of $100,000.00

Defense counsel submits that the imposition of the above conditions, and any others deemed appropriate by the Court, should allay any concerns the Court may have regarding Donte's release.

WHEREFORE, Donte Jacobs respectfully requests that this Court enter an Order revoking the detention order currently in place.

Respectfully submitted,

By: *s/Dina Chavar*
Dina Chavar, Esquire
The Nemours Building, 4th Floor
1007 North Orange Street
Wilmington, DE 19801
302-256-0804

Dated: December 29, 2017