IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 16-78-GMS |
| DONTE JACOBS, | : | |
| Defendant. | : | |

## **MOTION TO WITHDRAW AS COUNSEL**

Dina Chavar, Esquire, court-appointed counsel to Donte Jacobs hereby moves this Court for permission to withdraw as counsel. In support thereof, it is averred as follows:

1. On July 18, 2016, Donte Jacobs was arrested and charged with drug distribution charges. The Honorable Magistrate Judge Burke appointed Kenneth Edelin, Esquire to represent Mr. Jacobs.

2. On September 15, 2016, a federal grand jury for the District of Delaware returned an Indictment charging Mr. Jacobs with drug distribution charges pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); and for illegal possession of a firearm pursuant to 18 U.S.C. § 922(g). Mr. Jacobs was arraigned on these charges on September 22, 2016, wherein he entered a plea of not guilty.

3. On October 13, 2016, a federal grand jury for the District of Delaware returned a Superseding Indictment alleging that Mr. Jacobs' drug distribution charges, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), resulted in serious bodily injury or death to another; and that a firearm was used in connection with that charge. Mr. Jacobs was arraigned on the

1

Superseding Indictment on October 19, 2016, wherein he entered a plea of not guilty.[1]

4. Mr. Jacobs fired Mr. Edelin, and retained Thomas C. Egan, III, Esquire sometime before December 7, 2016, when Mr. Egan appeared on Mr. Jacobs behalf to argue his third motion for release on conditions.

5. On September 25, 2017, Mr. Jacobs moved this Court to withdraw Mr. Egan, Esquire as his counsel, and requested appointment of new counsel. The motion was granted, and on October 11, 2017, undersigned counsel Dina Chavar, Esquire was appointed to represent Mr. Jacobs.

6. Undersigned counsel met with Mr. Jacobs shortly after being appointed to represent him, and reviewed discovery documents that he had in his possession. Over the past 6 months, undersigned counsel met with Mr. Jacobs at the Federal Detention Center at least monthly but was in contact with Mr. Jacobs daily through the corrlinks email system.[2] In fact, Mr. Jacobs often emailed counsel several times a day, including weekends. Counsel responded to 98% of Mr. Jacobs' emails, either immediately or within a 24-hour period.

7. From the onset of counsel's representation, it was of upmost importance to Mr. Jacobs that counsel file a fourth motion requesting release on conditions. That motion was filed on December 30, 2017. When this Court denied that motion, Mr. Jacobs demanded that it be appealed to the Third Circuit Court. That appeal was filed April 30, 2018.

8. Mr. Jacobs spends most of his time in the law library at the Federal Detention Center. He

---

[1] The superseding indictment exposes Mr. Jacobs to a 20-year mandatory minimum on the drug trafficking resulting in death charge. If the government files a section 851, he is facing a life sentence.

[2] Counsel commonly does not permit correspondence with clients through the Corrlinks email system. However, because it seemed important to Mr. Jacobs, and because he was disappointed with his 2 previous lawyers, counsel made an exception for Mr. Jacobs.

was actively involved in the drafting of the appeal to the extent that he required counsel to email him portions of the appeal as written so that he could review and approve it. He consistently complained about any editing counsel made to his writing. He insisted that the appeal be submitted exactly as he wrote it, although he wanted counsel to sign-off on it. Counsel repeatedly reminded him that she could not and would not sign her name to his writing due to her obligations under the Rules of Professional Responsibility. Mr. Jacobs nonetheless persisted in his demand that his writing not be edited. The process of preparing the appeal was time-consuming and challenging, to say the least. During such process, the attorney-client relationship significantly broke-down. Counsel advised Mr. Jacobs that she was uncomfortable with the arrangement, but that she would continue to edit as little as possible and see through the filing of the appeal before discussing her withdraw as counsel.

9. Pretrial Motions are due on May 7, 2018. Mr. Jacobs has written 5 motions that he wants filed.[3] Within an hour of completing and filing the appeal, Mr. Jacobs informed counsel, in no uncertain terms, that there will be no changes to the pretrial motions he wrote, and that it is her "job" to cite check them and sign them. Mr. Jacobs sent counsel numerous emails over the past weekend (and the weekend before last), either complaining about her performance, or insisting that no changes are made to the pretrial motions as he "knows best" as to how the arguments be presented. He persisted in lobbying counsel to agree to put her name to his writing untouched by any of counsel's editing. Obviously, undersigned counsel cannot do that.

---

[3] Although it is possible that the number is now 6, as Donte has recently advised counsel that he may be drafting a Speedy Trial Motion.

10. Counsel suggested several times to Mr. Jacobs that he go *pro se*. For reasons he has not revealed to counsel, Mr. Jacobs does not seem to want to do that. When counsel first suggested it, he advised her that he wanted her to remain as his counsel. Although more recently, Mr. Jacobs has not responded when counsel reiterated the suggestion that he represent himself.

11. Counsel and Mr. Jacobs have irreconcilable differences with respect to the filing of pretrial motions, and other matters pertaining to counsel's representation.[4] Mr. Jacobs is an intelligent young man who stands firmly in his opinions and the positions he takes. His position with respect to his pretrial motions is unmovable. It is worth noting, that for many months counsel and Mr. Jacobs enjoyed a mutually respectful attorney-client relationship. However, perhaps because of the pretrial motions experience, Mr. Jacobs unfortunately no longer seems to respect counsel's competency or the work she has done on his behalf.

12. Mr. Jacobs is facing very serious charges with very serious consequences. He should have confidence in the lawyer representing him. He does not appear to have such confidence with undersigned counsel.

13. The Pretrial Motions filing date is May 7, 2018. Counsel respectfully requests a 2-week extension of time for the filing of those motions, while the Court resolves the issue of counsel.

14. Assistant United States Attorney Christopher de Barenna Sarobe has been advised of the

---

[4] Counsel had hoped that once pretrial motions were filed, the attorney-client relationship would rebuild itself. Mr. Jacobs never expressed a desire to represent himself in court. Accordingly, counsel hoped that once the pretrial motions were filed, she could continue to work with Mr. Jacobs in the preparation of trial. However, recent emails from Mr. Jacobs regarding his opinion of undersigned counsel casts much doubt as to whether the relationship can be mended.

filing of this motion.

**WHEREFORE**, for these reasons and any other such reasons that shall appear to the Court, it is respectfully requested that the Court permit counsel to withdraw her appearance in this matter.

Respectfully submitted

Dated: May 4, 2018    By: /s/ *Dina Chavar*
DINA CHAVAR, ESQUIRE
1007 North Orange Street
The Nemours Building, Fourth Floor
Wilmington, DE 19801
302-256-0804
Dina@dinachavar.com

5