5/10/18

Donte Jacobs - 08754-015
FDC Phila
P.O. Box 562
Phila, P.A. 19103

FILED
MAY 14 2018
US DISTRICT COURT
DISTRICT OF DELAWARE

Hon. J.O. Sleet

Re: United States v. Jacobs, Case No. 16-CR-78 (GMS)

To Judge Sleet,

On 5/3/18 I wrote you an letter asking for the court to submit my motions pro se, and you did thank you. But I have one problem and that is one of my motion are missing, when I sent the letter I sent "4" motions that are number in order as to be filed. First motion would be my "Rule 7(c)(1) and 12(b)(3) motion". Second would be my "Franks motion". Third would (should) be "Motion to Compel Disclosure of Evidence" and the fourth but was not the final motion was for "Rule 16, Starks hearing and Bill of Particlar". I also sent in a fifth motion, which also was numbered on May, 7th 2018 (Mailbox rule) which was "Speedy Trial". I asking please can all my motion be put on the docket and the Government to respond so I can start my case, thank you

Donte Jacobs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

United States of America,          :

　　　v.                            :     Criminal No. 16-cr-78 (GMS)

　　　　　　　　　　　　　　　　　　:

Donte Jacobs                       :

FILED
MAY 14 2018
US DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO COMPEL DISCLOURE OF EVIDENCE

NOW COMES, Donte Jacobs, pro se, and files this motion to compel disclosure of exculpatory evidence, and respectfully moves this Court for an order compelling the government to produce the following: Specifically Jacobs request the identity of the Confidential Defendant (CD) outlined in the complaint filed by the government where it alleges that Jacobs sold the CD drugs that allegedly led to the death of " T.A.". Where CD is described as an active participant in the illegal activity and the identity of the CD is "relevant and helpful to the defense" the government must reveal the identity of the CD. See Roviaro v. United States, 353 U.S. 53 (1957)

Jacobs filed a motion with this Court to dismiss Count One for failure to state an offense-where as- based on the facts within the four corners of the indictment Count One lacks facts that would allow Jacobs to prepare a defense.

Although the indictment fails to state facts of the charged conspiracy -that is-the indictment fails to state who Jacobs is said to have knowing agreed to distribute a controlled substance with, based on the complaint, the CD and Jacobs "were alone and unobserved during crucial occurence" as alleged in the complaint and assumingly the indictment', id Roviaro, 353 U.S. at 64.

" The materiality of [the CD] possible testimony must be determined by reference t

by reference to [the conspiracy charged in Count One]." id at 62. Where Jacobs is not charged with mere distribution, but instead with conspiracy, Jacobs is so closely related to the CD as to make the CD's identity and testimony highly material" id at 353 U.S. 63

The fact that Jacobs is faced with the burden of defending himself against allegations that he sold drugs to CD at a specific place and time; and entered into an agreement (knowingly) with the CD to accomplish the criminal goal of distributing a controlled substance "emphasizes his vital need for access to [the CD] (a) material witness" id at 353 U.S. 63, "otherwise, the burden of goin forward might become unduly heavy" id.

Ultimately, the CD is Jacobs' one material witness where it is alleged that the CD was "nearest to him and took part in the transaction. [the CD] [is alleged] to had set up the criminal occurence and had played a prominent part in it...He might [throw] doubt upon [Jacobs] identity or on the identity of the[alleged controlled substance]. [The CD is] the only witness who might...testif[y] to [Jacobs] lack of knowledge" to the distribution to T.A. id at 64.

Moreover, like in Roviaro "the government's use against [Jacobs] of his conversation with the [CD]...emphasizes the unfairness of [any] nondisclosure" of the CD's identity...the only other person, other than [Jacobs] himself, who could controvert, explain or amplify," the taped conversation, is the CD. id at 64.

CONCLUSION

Where the Cd is the sole participant, other than Jacobs, in the charged conspiracy and the only witness who could contrdict who was on the other end of the taped phone conversation, it is vital, relevant and material to the defense to know the identity of the CD and Jacobs respectfully request that this court compel the government reveal the CD's identity.

*[signature]* 1/17/18

Philadelphia
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

⟨⟩08754-015⟨⟩
Court Of Clerks
844 N KING ST
Federal Building
Wilmington, DE 19801
United States

U.S.M.S
X-RAY

FILED
MAY 14 2018
US DISTRICT COURT
DISTRICT OF DELAWARE